UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS SPARKS THOMAS,

        Petitioner,

v.                                      CIVIL ACTION NO. 2:17cv209

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

        This matter is before the Court on Thomas Sparks Thomas' *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and the respondent's motion to dismiss. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

### I. STATEMENT OF THE CASE

        Thomas Sparks Thomas ("Thomas") is an Arizona inmate currently in custody and housed with the Arizona Department of Corrections in Florence, AZ. ECF No. 1 at 1, 12. An order attached to Thomas' petition reflects that he currently has criminal charges pending against

him in the Circuit Court of the City of Virginia Beach. *Id.* at 16 (order referencing charges of "possess controlled substance in Case No. CR11-4245 and public intoxication in Case No. CR11-4350").[1] The order also reflects that, on May 24, 2012, the circuit court issued a *capias*, not yet served or executed, due to Thomas' failure to appear on such charges. *Id.* While in custody in Arizona, Thomas apparently filed a *pro se* motion with the circuit court in Virginia Beach seeking to "quash warrants [and dismiss the charges] or in the alternative enter a sentence *in absentia* [and concurrent with his Arizona sentence]." *Id.* On February 22, 2016, Judge A. Bonwill Shockley denied Thomas' motion. *Id.*

On January 17, 2017, Thomas filed a petition for a writ of mandamus in the Court of Appeals of Virginia naming the Circuit Court of the City of Virginia Beach as respondent, requesting the issuance of "[a] writ . . . that brings the Petitioner to trial" or the dismissal of the outstanding charges with prejudice.[2] *Id.* at 14–15. On March 30, 2017, the Court of Appeals of Virginia denied and dismissed the petition on the ground that the action Thomas sought to compel was "not a purely ministerial act subject to mandamus." *Id.* at 13 (classifying the act of extraditing "out-of-state prisoners [as] not mandated by law"). While noting that the "direct power" to extradite a prisoner to Virginia for trial resided in the Governor, rather than the named circuit court respondent, the Court of Appeals ruled that the extraordinary remedy of mandamus

---

[1] A March 30, 2017 order by the Court of Appeals of Virginia attached to the petition indicates the felony charges currently outstanding against Thomas in Virginia Beach are for possession of methamphetamine and failure to appear. ECF No. 1 at 12. The order further recites that, while on bond pending trial in Virginia Beach, Thomas "absconded and left the state." *Id.* The charges identified in the appellate court's order are the same as those identified in a filing by the Commonwealth's Attorney in opposition to the motion to quash warrants or to be sentenced *in absentia* filed by Thomas in circuit court. *Id.* at 17–18.

[2] The caption of Thomas' filing also identified Judge Shockley as the respondent judge and listed Commonwealth's Attorney Colin D. Stolle, as a "[r]eal [p]arty in interest." ECF No. 1 at 14.

could not be used to compel the performance of a discretionary act. *Id.* at 13 (noting that Va. Code Ann. "§ 19.2-89 gives the Governor discretion whether to extradite an out-of-state prisoner before his obligation to a foreign state has concluded").[3] Further, the Court of Appeals stated that "the Commonwealth's decision to not pursue extradition under the Code does not constitute a waiver of the Commonwealth's right to prosecute petitioner at a later date." *Id.* (citing Va. Code Ann. § 19.2-115).[4]

On April 10, 2017, Thomas filed a petition for a writ of habeas corpus pursuant to section 2254 in the United States District Court for the District of Arizona, along with an application for leave to proceed *in forma pauperis*. ECF Nos. 1, 2. The petition alleges that Thomas' rights to a speedy trial and to due process have been violated by the Commonwealth's refusal to honor his

---

[3] Section 19.2-89 is contained in chapter 8 (Extradition of Criminals), article 2 (Uniform Criminal Extradition Act) of Title 19.2 (Criminal Procedure) and provides as follows:

> When it is desired to have returned to this Commonwealth a person charged in this Commonwealth with a crime and such person is imprisoned . . . in another state, the Governor may agree with the executive authority of such other state for the extradition of such person before the conclusion of . . . his term of sentence in such other state, upon condition that such person be returned to such other state at the expense of this Commonwealth as soon as the prosecution in this Commonwealth is terminated.

Va. Code. Ann. § 19.2-89.

[4] Section 19.2-115 provides as follows:

> Nothing in this chapter contained shall be deemed to constitute a waiver by this Commonwealth of its right, power or privilege to try such demanded person for crime committed within this Commonwealth, or of its right, power or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence or punishment for any crime committed within this Commonwealth, nor shall any proceedings had under this chapter which result in, or fail to result in, extradition be deemed a waiver by this Commonwealth of any of its rights, privileges or jurisdiction in any way whatsoever.

Va. Code Ann. § 19.2-115.

3

request for transport to Virginia for trial on the charges pending in circuit court. ECF No. 1 at 1–2, 4, 6, 11. By order dated April 12, 2017, the court in the District of Arizona granted Thomas' leave to proceed *in forma pauperis* and transferred his section 2254 petition to this Court. ECF No. 4.

On June 20, 2017, this Court ordered that the petition be served, that Harold W. Clarke, Director of the Virginia Department of Corrections, be substituted as the sole respondent in place of those originally named by Thomas, and that the respondent file a response to the petition. ECF No. 7. On July 19, 2017, respondent filed an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and a motion to dismiss the petition, along with a supporting memorandum.[5] ECF Nos. 10–12. On July 31, 2017, Thomas filed a response to respondent's motion to dismiss. ECF No. 14. This matter is fully joined and ready for decision.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.** *The claims alleged in Thomas' habeas petition are not cognizable under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241.*

The petition filed by Thomas seeks relief pursuant to 28 U.S.C. § 2254. ECF No. 1 at 1. Section 2254, however, provides for the filing of a petition by one who is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As noted in Thomas' petition and the documents attached thereto, Thomas is currently an inmate in Arizona serving a sentence in the Arizona Department of Corrections. *Id.* at 12, 14, 17–18. In his petition, Thomas asserts no challenge, constitutional or otherwise, to any decision by a court in the state of

---

[5] The motion to dismiss included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), providing petitioner with notice of about how to timely respond thereto and the potential consequences of failing to do so. ECF No. 13.

Arizona. *See id.* at 1–5. Instead, the petition asserts due process and speedy trial violations allegedly attendant to the Commonwealth's failure to promptly extradite him to Virginia for trial on the charges pending in Virginia Beach. *Id.* at 1–2, 4, 6, 11. Inasmuch as those charges have yet to be tried, Thomas is not a state prisoner in custody pursuant to a judgment of a Virginia court. Therefore, Thomas' attempt to seek relief pursuant to section 2254 is improper.

Mindful of the Court's obligation to liberally construe *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court also considers whether Thomas' petition falls within the scope of 28 U.S.C. § 2241, another vehicle by which state prisoners may seek habeas relief. *See In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) (looking beyond label applied by petitioner to determine whether habeas petition properly brought pursuant to section 2254(a)). Section 2241 provides, in pertinent part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Unlike section 2254, section 2241 "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Section 2241(c)(3) thus permits a prisoner held in custody in violation of the Constitution or United States law to seek habeas relief in federal court.

To do so, however, Thomas must also allege grounds to establish that he is being held in custody as a result of such a violation. The facts set forth in Thomas' petition, and the attachments thereto, fail to support such a claim. Instead, they indicate that Thomas is currently

5

an Arizona prisoner serving a sentence imposed by an Arizona court,[6] about which Thomas raises no challenge in the pending petition. *See* ECF No. 1 at 1–4, 12, 14, 17–18. The record indicates, and Thomas nowhere argues otherwise, that this Arizona conviction gives rise to Thomas' custodial status. Moreover, no information before the Court indicates that Thomas' present custody stems from any decision by Virginia authorities about whether to extradite him to face charges pending in Virginia Beach. Accordingly, even if the Court construed Thomas' petition as one seeking relief pursuant to section 2241, the facts before the Court provide no grounds for concluding that he has alleged a claim that is cognizable under section 2241.[7] For these reasons, the Court recommends that Thomas' petition be dismissed without prejudice.

**B.      *Even if Thomas' claims were cognizable under section 2241, dismissal is appropriate pursuant to* Younger *abstention and due to Thomas' failure to exhaust his claims.***

Even if Thomas could assert claims pursuant to section 2241 at this time, dismissal without prejudice is also appropriate on two related and overlapping grounds. The first flows from the decision of the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 41, 45–46 (1971), which recognized that a federal court should not equitably interfere in a state court criminal proceeding, except in the most narrow of circumstances when a petitioner has no adequate

---

[6] A search of the Arizona Department of Corrections website, a government website of which the Court may take public notice, *see Tisdale v. S.C. Highway Patrol*, No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1, n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009), corroborates the information noted in the petition and attached documents. The website indicates that Thomas is currently incarcerated for a narcotics offense in Maricopa County and has a projected release date of May 4, 2018. *See* Arizona Dep't of Corrections, *Inmate Datasearch*, https://corrections.az.gov/public-resources/inmate-datasearch (search "Number Search" for "305058") (last visited Dec. 20, 2017).

[7] Moreover, if the actions of Virginia authorities allegedly had led to an unconstitutional detention of Thomas in Arizona, any petition for relief pursuant to section 2241 would have to be addressed in the district of confinement, namely, the District of Arizona. *See United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008) ("a [section] 2241 habeas petition can only be filed in the district in which a prisoner is confined.").

remedy at law and will suffer substantial and immediate irreparable injury. *Accord Kugler v. Helfant*, 421 U.S. 117, 123 (1975). Courts examine three factors in deciding whether to apply *Younger* abstention. Abstention by a federal court is appropriate when (1) "there are ongoing state judicial proceedings;" (2) "the proceedings implicate important state interests;" and (3) "there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Each of the above-noted criteria is satisfied here. Before Thomas filed his petition on April 10, 2017, state charges were pending against him in Virginia and they remain pending.[8] ECF No. 1 at 1, 6, 16, 17–18. Next, as stated by the United States Supreme Court, "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). In this case, Virginia has an important interest in seeing that its criminal justice system operates without undue federal interference. Although Thomas suggests that he seeks to facilitate, rather than restrain, the operation of that system by return to Virginia for trial, ECF No. 14 at 1–2, the Court rejects this contention as he asks this Court to both intervene in an extradition matter entrusted to the discretion of the Governor of the Commonwealth, *see* Va. Code Ann. § 19.2-89, and to determine the schedule for his trial on charges in the Virginia Beach Circuit Court. Finally, if and when he returns to

---

[8] A check of the Virginia Court Case Information website on December 20, 2017 revealed three matters in Virginia Beach Circuit Court, identified by case numbers CR11004245-00 (Possession, Status – "Fugitive"), CR11004245-01 (Failure to Appear, Status – "Active"), and CR11004350-00 (Public Intoxication, Status – "Fugitive"). *See* Virginia Courts Case Information, http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (search "Virginia Beach" for "Thomas, Thomas") (last visited Dec. 20, 2017).

Virginia to face the charges pending in Virginia Beach, Thomas will have a full opportunity to assert claims that any delay and the grounds therefor violated his Sixth and Fourteenth Amendment constitutional rights to due process and a speedy trial. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights") (citation omitted). Accordingly, this case meets the criteria for *Younger* abstention.[9]

For similar reasons, Thomas' claims are also premature and unexhausted. Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Exhaustion requires that all of the "essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Here, not only has Thomas not been convicted and availed himself of any direct appeal or post-conviction remedies, but also after previously presenting his claims to the Court of Appeals of Virginia, he has apparently pursued no further relief from the Supreme Court of Virginia.

---

[9] Nor do any exceptions exist that warrant setting aside the precepts of equity and comity justifying abstention. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (explaining that *Younger* abstention does not apply where it is shown that state officials leading the prosecution have acted in bad faith or the state law to be applied in the criminal case is obviously violative of constitutional prohibitions or other extraordinary circumstances exist giving rise to present and irreparable injury). Although Thomas argues in response to the motion to dismiss that the Commonwealth has acted in bad faith by charging and then refusing to bring him to trial, ECF No. 14 at 2, the problem faced by Thomas appears to be one of his own making. If, as alleged in the papers attached to the petition, Thomas absconded from pre-trial release in Virginia Beach and fled the state, his claim of bad faith rings hollow and is unpersuasive.

To avoid interfering with ongoing state court proceedings and to provide Thomas with an opportunity to exhaust his state court remedies should he be convicted of any of the charges currently pending in Virginia Beach, the Court recommends that Thomas' petition be dismissed without prejudice.[10]

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 11, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

---

[10] In light of the foregoing recommendations, no need exists for the Court to address whether Harold Clarke is a proper respondent in this case. *See* ECF No. 12 at 5.

9

based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 21, 2017